UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUMIT GUPTA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>POWER SOLUTIONS INTERNATIONAL, INC., GARY S. WINEMASTER, MICHAEL P. LEWIS, and DANIEL P. GOREY,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS<br><br><u>DEMAND FOR JURY TRIAL</u> |

**CLASS ACTION COMPLAINT**

Plaintiff Sumit Gupta ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against Defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Power Solutions International, Inc. ("PSI" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

1

**NATURE OF THE ACTION**

1. This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired PSI securities between May 8, 2015 and August 15, 2016, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2. PSI designs, manufactures, distributes, and supports power systems and custom engineered integrated electrical power generation systems for industrial original equipment manufacturers of off-highway industrial equipment and on-road medium trucks and buses. The Company sells its products and services primarily in North America, as well as in the Pacific Rim and Europe.

3. PSI was founded in 1985 and is headquartered in Wood Dale, Illinois. The Company's common stock trades on the NASDAQ under the ticker symbol "PSIX."

4. Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company inappropriately recognized revenue for certain transactions; (ii) the Company lacked adequate internal controls over financial reporting; and (iii) as a result of the foregoing, PSI's public statements were materially false and misleading at all relevant times.

5. On August 15, 2016, after the market closed, the Company issued a press release and filed a Current Report on Form 8-K with the SEC, announcing that the Company needed additional time to file its quarterly report for the quarter ended June 30, 2016 with the SEC. PSI stated, in part:

> The additional time is needed for the Company to complete a review and finalize the financial statements for the second quarter. The Company has not completed its financial statements in light of an ongoing review of allegations made by a former employee. The Board and the Company take all allegations that concern its financial reporting seriously and initiated an independent review to assess whether there is any merit to them. The review is primarily focused on certain transactions involving revenue recognition. The Audit Committee and the professionals engaged by it to conduct the independent review are working diligently with management to conclude this review in a timely manner. Once the independent review is complete, the Company will announce its findings and subsequently release its results for the quarter.

6.  On this news, PSI's share price fell $1.52 per share, or 9.85%, to close at $13.91 on August 16, 2016.

7.  As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

8.  The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

9.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

10. Venue is proper in this District pursuant to §27 of the Exchange Act and 28 U.S.C. §1391(b), as the Company is headquartered within this District.

11. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

12. Plaintiff, as set forth in the attached Certification, acquired PSI securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

13. Defendant PSI is incorporated in Delaware, and the Company's principal executive offices are located at 201 Mittel Drive, Wood Dale, Illinois 60191.

14. Defendant Gary S. Winemaster ("Winemaster") has served at all relevant times as the Company's Chairman, Chief Executive Officer, and President.

15. Defendant Michael P. Lewis ("Lewis") has served as the Company's Chief Financial Officer ("CFO") since October 2015.

16. Defendant Daniel P. Gorey ("Gorey") served as the Company's CFO between April 2012 and October 2015.

17. The Defendants described in ¶¶ 14-16 are sometimes hereinafter referred to as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

18. PSI designs, manufactures, distributes, and supports power systems and custom engineered integrated electrical power generation systems for industrial original equipment manufacturers of off-highway industrial equipment and on-road medium trucks and buses. The Company sells its products and services primarily in North America, as well as in the Pacific Rim and Europe.

### Materially False and Misleading Statements Issued During the Class Period

19. The Class Period begins on May 8, 2015, when PSI filed a Quarterly Report on Form 10-Q with the SEC announcing the Company's financial and operating results for the quarter ended March 31, 2015 (the "Q1 2015 10-Q"). For the quarter, PSI reported a net loss of $1.46 million, or $0.13 per diluted share, on revenue of $86.14 million, compared to net income of $2.37 million, or $0.19 per diluted share, on revenue of $66.74 million for the same period in the prior year.

20. The Q1 2015 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Winemaster and Gorey, stating that the financial information contained in the Q1 2015 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

21. On August 7, 2015, PSI filed a Quarterly Report on Form 10-Q with the SEC announcing the Company's financial and operating results for the quarter ended June 30, 2015 (the "Q2 2015 10-Q"). For the quarter, PSI reported net income of $4.92 million, or $0.18 per diluted share, on revenue of $94.63 million, compared to net income of $3.88 million, or $0.34 per diluted share, on revenue of $83.38 million for the same period in the prior year.

22. The Q2 2015 10-Q contained signed certifications pursuant to SOX by Defendants Winemaster and Gorey, stating that the financial information contained in the Q2 2015 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

23. On November 9, 2015, PSI filed a Quarterly Report on Form 10-Q with the SEC announcing the Company's financial and operating results for the quarter ended September 30, 2015 (the "Q3 2015 10-Q"). For the quarter, PSI reported net income of $9.11 million, or $0.03

5

per diluted share, on revenue of $112.01 million, compared to net income of $8.43 million, or $0.68 per diluted share, on revenue of $93.97 million for the same period in the prior year.

24. The Q3 2015 10-Q contained signed certifications pursuant to SOX by Defendants Winemaster and Lewis, stating that the financial information contained in the Q3 2015 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

25. On February 26, 2016, PSI filed an Annual Report on Form 10-K with the SEC announcing the Company's financial and operating results for the quarter and year ended December 31, 2015 (the "2015 10-K"). For the quarter, PSI reported net income of $1.70 million, or $0.04 per diluted share, on revenue of $96.97 million, compared to net income of $10.32 million, or $0.48 per diluted share, on revenue of $103.91 million for the same period in the prior year. For 2015, PSI reported net income of $14.28 million, or $0.45 per diluted share, on revenue of $389.45 million, compared to net income of $23.73 million, or $1.58 per diluted share, on revenue of $348 million for 2014.

26. The 2015 10-K contained signed certifications pursuant to SOX by Defendants Winemaster and Lewis, stating that the financial information contained in the 2015 10-K was accurate and disclosed any material changes to the Company's internal control over financial reporting.

27. On May 10, 2016, PSI filed a Quarterly Report on Form 10-Q with the SEC announcing the Company's financial and operating results for the quarter ended March 31, 2016 (the "Q1 2016 10-Q"). For the quarter, PSI reported a net loss of $5.25 million, or $0.49 per diluted share, on revenue of $61.81 million, compared to a net loss of $1.46 million, or $0.13 per diluted share, on revenue of $86.14 million for the same period in the prior year.

28. The Q1 2016 10-Q contained signed certifications pursuant to SOX by Defendants Winemaster and Lewis, stating that the financial information contained in the Q1 2016 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

29. The statements referenced in ¶¶ 19-28 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company inappropriately recognized revenue for certain transactions; (ii) the Company lacked adequate internal controls over financial reporting; and (iii) as a result of the foregoing, PSI's public statements were materially false and misleading at all relevant times.

## The Truth Begins To Emerge

30. On August 15, 2016, after the market closed, the Company issued a press release and filed a Current Report on Form 8-K with the SEC, announcing that the Company needed additional time to file its quarterly report for the quarter ended June 30, 2016 with the SEC. PSI stated, in part:

> The additional time is needed for the Company to complete a review and finalize the financial statements for the second quarter. The Company has not completed its financial statements in light of an ongoing review of allegations made by a former employee. The Board and the Company take all allegations that concern its financial reporting seriously and initiated an independent review to assess whether there is any merit to them. The review is primarily focused on certain transactions involving revenue recognition. The Audit Committee and the professionals engaged by it to conduct the independent review are working diligently with management to conclude this review in a timely manner. Once the independent review is complete, the Company will announce its findings and subsequently release its results for the quarter.

31. On this news, PSI's share price fell $1.52 per share, or 9.85%, to close at $13.91 on August 16, 2016.

32. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired PSI securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

34. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, PSI securities were actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by PSI or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

35. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

36. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

37. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of PSI;

- whether the Individual Defendants caused PSI to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of PSI securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

38. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually

redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

39. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- PSI securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NYSE and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold PSI securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

40. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

41. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Against All Defendants For Violations of
### Section 10(b) And Rule 10b-5 Promulgated Thereunder)

42. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

43. This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

44. During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of PSI securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire PSI securities and options at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

45. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to

11

influence the market for PSI securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about PSI's finances and business prospects.

46. By virtue of their positions at PSI, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

47. Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of PSI securities from their personal portfolios.

48. Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As the senior managers and/or directors of PSI, the Individual Defendants had knowledge of the details of PSI's internal affairs.

49. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of PSI. As officers and/or directors of a publicly-held company, the Individual Defendants had a

duty to disseminate timely, accurate, and truthful information with respect to PSI's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of PSI securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning PSI's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired PSI securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

50. During the Class Period, PSI securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of PSI securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of PSI securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of PSI securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

51. By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

52. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### (Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)

53. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

54. During the Class Period, the Individual Defendants participated in the operation and management of PSI, and conducted and participated, directly and indirectly, in the conduct of PSI's business affairs. Because of their senior positions, they knew the adverse non-public information about PSI's misstatement of income and expenses and false financial statements.

55. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to PSI's financial condition and results of operations, and to correct promptly any public statements issued by PSI which had become materially false or misleading.

56. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which PSI disseminated in the marketplace during the Class Period concerning PSI's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause PSI to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of PSI within the

meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of PSI securities.

57. Each of the Individual Defendants, therefore, acted as a controlling person of PSI. By reason of their senior management positions and/or being directors of PSI, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, PSI to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of PSI and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

58. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by PSI.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: August 22, 2016

                                                                             Respectfully submitted,

*/s/ Louis C. Ludwig*

**POMERANTZ LLP**
Louis C. Ludwig
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: lcludwig@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
Marc Gorrie
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
       ahood@pomlaw.com
       mgorrie@pomlaw.com

**GOLDBERG LAW PC**
Michael Goldberg
Brian Schall
1999 Avenue of the Stars
Suite 1100
Telephone: 1-800-977-7401
Fax: 1-800-536-0065
Email: michael@goldberglawpc.com
Email: brian@goldberglawpc.com

*Attorneys for Plaintiff*