UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUMIT GUPTA, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>POWER SOLUTIONS INTERNATIONAL, INC., GARY S. WINEMASTER, DANIEL P. GOREY, and MICHAEL P. LEWIS,<br><br>                Defendants. | No. 1:16-cv-08253<br><br>CLASS ACTION<br><br>**JOINT STATUS REPORT** |
| PETER STOUT, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>POWER SOLUTIONS INTERNATIONAL, INC., GARY S. WINEMASTER, DANIEL P. GOREY, and MICHAEL P. LEWIS,<br><br>                Defendants. | No. 1:16-cv-09599 |

Lead plaintiff Richard Giunta ("Lead Plaintiff") and Defendants Power Solutions International, Inc. ("Power Solutions," or the "Company"), Gary S. Winemaster ("Winemaster"), Michael P. Lewis ("Lewis"), and Daniel P. Gorey ("Gorey") (collectively, "Defendants," and together with Lead Plaintiff, the "Parties"), respectfully submit this Joint Status Report pursuant to the Court's order dated January 5, 2017 (the "Order"). In its Order, the Court directed the Parties to submit a "joint status report regarding their discovery plan" by January 19, 2017.

A. **Discovery Plan and Schedule**

The Parties believe that it is premature to establish a discovery schedule at this time. This case is subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), pursuant to which "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. §78u-4(b)(3)(B). No discovery has been taken in this action to date.

Defendants anticipate filing motions to dismiss once Lead Plaintiff files a consolidated amended complaint, which will trigger the PSLRA's automatic stay. Lead Plaintiff does not anticipate filing a motion to lift the discovery stay at this time.[1]

In light of the foregoing, the Parties believe that it is premature to set discovery cutoff, motion cutoff, pretrial conference, and trial dates at this time. Following the Court's ruling on Defendants' anticipated motions to dismiss, the Parties will promptly negotiate and make a joint submission to the Court regarding a discovery schedule. The Parties anticipate entering into a

---

[1] The PSLRA contemplates the filing of such a motion only if "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." *Id.* At this time, Lead Plaintiff is unaware of particularized facts suggesting that Defendants are not complying with their evidence preservation obligations.

further stipulation governing electronically stored information once the Court has resolved the expected motions to dismiss.

        **B.**      **Schedule for Amended Complaint**

At the January 5, 2017 status conference, Lead Plaintiff proposed a schedule—to which the Defendants had agreed—in which Lead Plaintiff would file a consolidated amended complaint within 60 days of the Company's filing of quarterly reports for the periods ended June 30, 2016 and September 30, 2016. The Court indicated that it was reluctant to enter an open-ended scheduling order of this kind and ordered the Parties to file this Joint Status Report to provide the Court with a discovery plan and a proposal of how best to proceed.

Lead Plaintiff notes that in securities cases like this one—in which a company has delayed the filing of its financial statements due to an internal investigation or possible restatement, it is not uncommon for courts to enter scheduling orders that trigger the deadline for filing an amended complaint upon a company's subsequent filing of its delayed or restated financial statements.[2] Such scheduling orders conserve the parties' and the courts' resources by avoiding unnecessary motion practice on complaints that will ultimately be superseded by further amended complaints, which will incorporate new information based on the company's restated or delayed filings and then require a new round of motion to dismiss briefing.

Moreover, recent developments give reason to believe that Power Solution's delayed financial statements will be filed in the near future. First, on November 17, 2016, the Company

---

[2] *See, e.g.*, *In re ProQuest Sec. Litig.*, 527 F. Supp. 2d 728, 735 (E.D. Mich. 2007) (amended complaint due within 30 days of forthcoming restatement); *Plymouth County Ret. Sys. v. Carter's Inc.*, 2010 WL 299145, at *1 (N.D. Ga. Jan. 15, 2010) (amended complaint due within 45 days of forthcoming restatement); *see also* Declaration of Jason L. Krajcer ("Krajcer Decl."), Ex. 1 (order in *In re Take-Two Interactive Sec. Litig.*, Case No. 1:06-cv-00803-SWK (S.D.N.Y. Dec. 14, 2006) (amended complaint due 45 days after the later of public announcement of the conclusions of special committee investigation or filing of restated financial statements)).

filed a Form 8-K with the Securities and Exchange Commission ("SEC"), stating that the NASDAQ had accepted a Compliance Plan that granted to the Company "an exception to listing rules to file its Form 10-Q for the second quarter ended June 30, 2016 on or before February 6, 2017."[3] Thus, under the current Compliance Plan, the Company's stock may remain listed on the NASDAQ, notwithstanding its violation of the listing rules, so long as the Company files its delinquent Form 10-Q for the second quarter of 2016 with the SEC by February 6, 2017.

Second, on January 5, 2017, Power Solutions filed a Form 8-K with the SEC, stating that the Company's Audit Committee had reached preliminary findings in respect of its internal review and that the Company would be restating its previously issued financial statements for (i) the fiscal year ended December 31, 2015 and the second, third, and fourth fiscal quarters within that fiscal year, and (ii) the fiscal quarter ended March 31, 2016.[4] The Form 8-K further stated that the Company would file its restated financial statements "as soon as practicable," and that based on the preliminary findings to date, the Company anticipates that "the restatements will focus on the timing of revenue recognition in accordance with generally accepted accounting principles and is expected to result in restating certain revenues, expenses and related balance sheet accounts as reported in prior periods." *Id.* Furthermore, the Form 8-K stated that the "anticipated adjustments are expected to reduce net sales previously recognized in the second, third and fourth quarters of 2015" and that the "errors identified based on the transactions reviewed to date include at least approximately $18 million in revenue erroneously recognized in the Company's 2015 consolidated financial statements." *Id.* Finally, the Form 8-

---

[3] *See* Krajcer Decl., Ex. 2.

[4] *See* Krajcer Decl., Ex. 3. This Form 8-K was released on the same day as the Court's previous status conference, but counsel for Lead Plaintiff did not become aware of the filing until after the status conference.

K announced that the SEC was conducting an investigation and had issued a subpoena related to, among other things, the Company's revenue recognition practices that had resulted in the accounting errors giving rise to the restatements. *Id.*

In light of the facts that the Company (i) already has reached a preliminary estimate of the scope of the restatements, (ii) stated that it is working diligently to finalize its restatements and cooperate with the SEC's investigation, and (iii) currently has a deadline of February 6, 2017 to file its results for the second quarter of 2016 in order to maintain its NASDAQ listing, there is good reason to believe that the Company's restatements are likely to be completed by early February 2017. The Parties, however, are mindful of the Court's concerns regarding an open-ended schedule and therefore jointly propose the following: Lead Plaintiff will file a consolidated amended complaint by the **earlier** of (i) 45 days from the filing of the Company's restated financial statements for the periods indicated above,[5] or (ii) April 7, 2017. Defendants would then have 60 days to file motions to dismiss (or otherwise respond to the complaint), Lead Plaintiff would have 45 days to file oppositions to any motions to dismiss, and Defendants would have 45 days to file replies.

///

///

///

///

///

---

[5] Once again, those periods are (i) the fiscal year ended December 31, 2015 and the second, third, and fourth fiscal quarters within that fiscal year and (ii) the fiscal quarter ended March 31, 2016.

        Respectfully submitted,

Dated:  January 18, 2017        GLANCY PRONGAY & MURRAY LLP

        By:  *s/ Robert V. Prongay*
        Robert V. Prongay (*admitted pro hac vice*)
        Jason L. Krajcer (*admitted pro hac vice*)
        1925 Century Park East, Suite 2100
        Los Angeles, CA  90067
        Telephone:  (310) 201-9150
        Facsimile: (310) 201-9160
        Email: rprongay@glancylaw.com
             jkrajcer@glancylaw.com

        LAWRENCE, KAMIN, SAUNDERS & UHLENHOP LLC
        Mitchell B. Goldberg
        John S. Monical
        Peter E. Cooper
        300 S. Wacker Drive, Suite 500
        Chicago, IL 60606
        Telephone: (312) 372-1947
        Facsimile: (312) 372-2389
        Email: mgoldberg@lksu.com
             jmonical@lksu.com
             pcooper@lksu.com

        *Attorneys for Lead Plaintiff and the Class*

Dated:  January 18, 2017        KOPECKY SCHUMACHER ROSENBURG PC

        By:  *s/ James L. Kopecky*
        James L. Kopecky
        Jennifer M. Fair
        Howard J. Rosenburg
        120 N. LaSalle St., 20th Floor
        Chicago, IL 60602
        Telephone: (312) 380-6552
        Facsimile:  (312) 268-5031
        Email: jkopecky@ksrpc.com
             jfair@ksrpc.com
             hrosenburg@ksrpc.com

        *Attorneys for Defendants Power Solutions International, Inc., Gary S. Winemaster, and Michael P. Lewis*

| | |
|---|---|
| Dated: January 18, 2017 | KATTEN MUCHIN ROSENMAN LLP |
| | |
| | By: *s/ Michael J. Diver* |
| | Michael J. Diver |
| | Allison M. Freedman |
| | Michael J. Lohnes |
| | 525 West Monroe Street |
| | Chicago, IL 60661 |
| | Telephone: (312) 902-5200 |
| | Email: michael.diver@kattenlaw.com |
| |        allison.freedman@kattenlaw.com |
| |        michael.lohnes@kattenlaw.com |
| | |
| | *Attorneys for Defendant Daniel P. Gorey* |

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.

On January 18, 2017, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of Illinois, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 18, 2017, at Los Angeles, California.

*s/ Robert V. Prongay*
Robert V. Prongay

# Mailing Information for a Case 1:16-cv-08253 Gupta v. Power Solutions International, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter E. Cooper**
  pcooper@lksu.com,shennessey@lksu.com,aterry@lksu.com

- **Patrick Vincent Dahlstrom**
  pdahlstrom@pomlaw.com,mjsteven@pomlaw.com

- **Michael J. Diver**
  michael.diver@kattenlaw.com,rosie.gradilla@kattenlaw.com,ecf.docket@kattenlaw.com

- **Jennifer M. Fair**
  jfair@ksrpc.com

- **Allison Marz Freedman**
  allison.freedman@kattenlaw.com,kimberly.perez@kattenlaw.com,ecfdocket@kattenlaw.com,chicago.arc21@kattenlaw.com

- **James L. Kopecky**
  jkopecky@ksrpc.com

- **Jason L. Krajcer**
  jkrajcer@glancylaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Michael James Lohnes**
  michael.lohnes@kattenlaw.com,rosie.gradilla@kattenlaw.com,ecfdocket@kattenlaw.com

- **Louis Carey Ludwig**
  lcludwig@pomlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com

- **Howard J. Rosenburg**
  hrosenburg@ksblegal.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
J.                    Alexander Hood                                              , III
Pomerantz LLP
600 Third Avenue
20th Floor
New York, NY 10016
```