IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD GIUNTA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br><br> POWER SOLUTIONS INTERNATIONAL, INC., et al., <br><br> Defendants. | No. 1:16-cv-08253 <br><br> Consolidated with <br><br> Case No. 1:16-cv-9599 <br><br> Judge: Honorable Virginia M. Kendall |

**DEFENDANTS' JOINT MOTION TO DISMISS
AMENDED CLASS ACTION COMPLAINT**

Defendants Power Solutions International, Inc. ("PSI" or the "Company"), Gary S. Winemaster ("Winemaster"), Jay J. Hansen ("Hansen"), Ellen R. Hoffing ("Hoffing"), Kenneth Landini ("Landini"), and Mary E. Vogt ("Vogt" and, collectively with Winemaster, Hansen, Hoffing and Landini, the "Individual Defendants")) (collectively, "Defendants"), respectfully move this Court to dismiss Plaintiffs' Amended Class Action Complaint (the "Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. In support thereof, Defendants submit the accompanying Memorandum of Law in Support of Joint Motion to Dismiss Amended Class Action Complaint, the exhibits thereto, and the Declaration of Rebecca L. Dandy and supporting exhibits attached thereto.

Plaintiffs' Amended Complaint, brought on behalf of a putative class of individuals who purchased PSI stock between February 24, 2014 and February 2, 2017 (the "Class Period"), attempts to allege that Defendants were engaged in a fraudulent "pull-forward" or "channel stuffing" revenue recognition scheme and, as a result, made false and misleading statements and/or failed to disclose material information in its publicly filed financial statements, annual and quarterly reports, press releases and earnings calls in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Section 10(b)") and Rule 10b-5 promulgated thereunder ("Rule 10b-5").

However, the Amended Complaint relies almost entirely on unsubstantiated allegations lifted wholesale from another complaint filed against PSI by Eric Cohen ("Cohen"), PSI's former Chief Operating Officer ("COO"). Indeed, a comparison of the Cohen complaint and Plaintiffs' Amended Complaint reveals that *at least* 45 of the substantive paragraphs of Cohen's complaint are either quoted verbatim in the Amended Complaint or paraphrased—almost all of which relate to the purported "channel stuffing" scheme. Plaintiffs cannot meet their pleading burden by relying upon contested allegations taken from a complaint filed in another action. This is particularly true where, as here, Plaintiffs claim that Cohen, himself, engaged in some of the purported misrepresentations at issue.

Plaintiffs attempt to bolster the contested allegations from Cohen's complaint with the hearsay accounts of four Confidential Witnesses ("CWs"). Only one of the CWs, however, was employed by PSI during the entire three-year Class Period, and none of the CWs has any relevant first-hand knowledge of PSI's accounting or what any of the Individual Defendants knew at the time of the alleged misstatements. Accordingly, statements attributed to these CWs are, at best, based on conjecture and innuendo insufficient to support a claim under Section 10(b)

of the Securities Exchange Act of 1934 ("Section 10(b)") and Rule 10b-5 promulgated thereunder ("Rule 10b-5").

Plaintiffs' claims also fail because Plaintiffs have not sufficiently alleged the existence of any improper channel stuffing practices. Mere allegations that sales have been pulled forward are not sufficient to state a Rule 10b-5 claim. Indeed, courts have routinely held that there is nothing inherently wrong with the types of transactions in which Defendants are alleged to have engaged.

Plaintiffs likewise fail to plead particular facts giving rise to a strong inference of scienter against any of the Individual Defendants. Rather, Plaintiffs improperly rely on group pleading and attempt to string together a host of deficient assertions in the hope that this Court will somehow ignore their individual insufficiencies. Even when considered collectively, however, the allegations do not raise a strong inference that any of the Defendants acted with scienter with regard to any of the alleged misstatements. Nor do Plaintiffs plead that any Individual Defendant had motive to commit fraud. Indeed, none of the Individual Defendants is alleged to have sold PSI stock during the Class Period. This stands in stark contrast to the substantial sale proceeds—*more than $9 million*—that Cohen received from stock sales during the Class Period, a fact that Plaintiffs fail to mention anywhere in the Amended Complaint.

Plaintiffs further contend that certain Defendants made false and misleading statements regarding PSI's acquisition of Power Professional Products, Inc. ("3PI"). Plaintiffs allege that Defendants touted the benefits of the 3PI acquisition and falsely represented the value and financial strength of 3PI. Contrary to Plaintiffs' conclusory allegations, however, many of the statements regarding the 3PI acquisition were puffery and therefore are incapable of forming the basis of a securities fraud claim. PSI's statements regarding 3PI also were not misleading in

light of other statements in the subject disclosures. Plaintiffs similarly fail to allege any particularized facts as to any Defendant that would lead to a strong inference of scienter for the alleged misstatements relating to 3PI.

Statements relating to PSI's guidance and expectations for 3PI also were forward-looking and accompanied by meaningful cautionary language, the disclosure of which Plaintiffs conveniently ignore. The statements therefore are protected under the Private Securities Litigation Reform Act's ("PSLRA") safe harbor provisions.

For the reasons stated above and elaborated below, the majority of the "facts" alleged in the Amended Complaint should not properly be considered by this Court. Even if all of Plaintiffs' vague and unsupported allegations are taken into account, however, the Amended Complaint neither properly alleges violations of the securities' laws nor sufficiently shows that Defendants had the required knowledge that violations were occurring. Plaintiffs' claims should thus be dismissed.

Finally, without a primary violation of Section 10(b) or Rule 10b-5, Plaintiffs' claim under Section 20(a) of the Exchange Act must also be dismissed.

WHEREFORE, for the reasons set forth above and more fully set forth in Defendants'
Memorandum of Law, Defendants respectfully request that this Court dismiss the Amended
Class Action Complaint filed by Plaintiffs in the above-captioned case.


Dated: November 17, 2017

GARY S. WINEMASTER



By: /s/ Sean M. Berkowitz

Sean M. Berkowitz
John J. Sikora, Jr.
Heather A.Waller
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
T: (312) 876 7700

POWER SOLUTIONS INTERNATIONAL,
INC., JAY J. HANSEN, ELLEN R.
HOFFING, KENNETH LANDINI and MARY
VOGT

By: /s/ Rebecca L. Dandy

Thomas P. Cimino, Jr.
Junaid A. Zubairi
Rebecca L. Dandy
Rachel T. Copenhaver
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60602
T: (312) 609 7500

## <u>CERTIFICATE OF SERVICE</u>

The hereby certify that I electronically filed the foregoing **Defendants' Joint Motion to Dismiss Amended Class Action Complaint and the accompanying Memorandum of Law in Support of Joint Motion to Dismiss Amended Class Action Complaint, the exhibits thereto, and the Declaration of Rebecca L. Dandy and supporting exhibits attached thereto** with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following

On  November 17, 2017.

s/Rebecca L. Dandy

*Guinta v. Power Solutions International, Inc.*, Case No. 1:16-cv-08253

## Service List

Jeremy Alan Lieberman
jalieberman@pomlaw.com
J. Alexander Hood, II
ahood@pomlaw.com
Pomerantz LLP
600 Third Avenue
20th Floor
New York, NY 10016

Louis Carey Ludwig
lcludwig@pomlaw.com
Patrick Vincent Dahlstrom
pdahlstrom@pomlaw.com
Pomerantz LLP
10 S. LaSalle Street, Suite 3505
Chicago, IL 60603

Elizabeth Camper Lyons
elyons@lksu.com
John Scott Monical
jmonical@lksu.com
Mitchell Benjamin Goldberg
mgoldberg@lksu.com
Peter E. Cooper
pcooper@lksu.com
Lawrence, Kamin, Saunders & Uhlenhop, LLC
300 South Wacker Drive, Suite 500
Chicago, IL 60606

Jason L. Krajcer
jkrajcer@glancylaw.com
Robert Vincent Prongay
rprongay@glancylaw.com
Glancy Prongay & Murray LLP
1925 Century Park East Suite 2100
Los Angeles, CA 90067

Michael J. Diver
michael.diver@kattenlaw.com
Allison Marz Freedman
Allison.freedman@kattenlaw.com
Michal James Lohnes
michael.lohnes@kattenlaw.com
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661
Sean Berkowitz
sean.berkowitz@lw.com
John Sikora
john.sikora@lw.com
Heather Waller
Heather.Waller@lw.com
Latham & Watkins LLP
330 N. Wabash Ave. #2800
Chicago, IL 60611

Theresa L. Davis
tdavis@reedsmith.com
Steven Alan Miller
samiller@reedsmith.com
ReedSmith LLP
10 S. Wacker Drive
Suite 4000
Chicago, IL 60606