# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUMIT GUPTA, Individually and on Behalf of All Others Similarly Situated, <br><br>            Plaintiff, <br><br>   v. <br><br> POWER SOLUTIONS INTERNATIONAL, INC., GARY S. WINEMASTER, DANIEL P. GOREY, and MICHAEL P. LEWIS, <br><br>            Defendants. | Case No.: 1:16-cv-08253 <br><br> Consolidated with <br><br> No.: 1:16-cv-9599 <br><br> Honorable Virginia M. Kendall |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of January 22, 2019 (the "Stipulation"), is entered into between (a) Richard Giunta ("Lead Plaintiff") and named plaintiff David Leibowitz ("Plaintiff" and together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendant Power Solutions International, Inc., ("PSI" or the "Company") and defendants Gary S. Winemaster, Daniel P. Gorey, Michael P. Lewis, Jay J. Hansen, Ellen R. Hoffing, Kenneth Landini and Mary E. Vogt (collectively, the "Individual Defendants," and, together with PSI, the "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants.

WHEREAS:

A. On August 22, 2016, Sumit Gupta filed a class action complaint in the United States District Court for the Northern District of Illinois (the "Court"), styled *Gupta v. Power Solutions, Inc., et al.*, 1:16-cv-8253.

B. On October 10, 2016, Peter Stout filed a class action complaint in the United States District Court for the Northern District of Illinois, styled *Stout v. Power Solutions, Inc., et al.,* 1:16-cv-9599.

C. On October 21, 2016, after receiving a notice pursuant to § 21D(a)(3)(A)(i) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A)(i), Richard Giunta moved to consolidate the *Gupta* and *Stout* cases and to appoint himself as lead plaintiff. *See* ECF Nos. 22 & 24.

D. By Order dated January 19, 2017, the Court consolidated the cases under 1:16-cv-8253; and appointed Richard Giunta as Lead Plaintiff for the consolidated action. ECF No. 40.

E. By orders entered March 31, 2017 and June 26, 2017, the Court amended the scheduling order regarding filing the consolidated amended complaint. ECF Nos. 57 & 69. The June 26, 2017 order required Giunta to file a consolidated amended complaint by September 15, 2017 and Defendants to respond to the consolidated amended complaint by November 14, 2017. ECF No. 69.

F. On September 15, 2017, Lead Plaintiff filed and served his consolidated Amended Class Action Complaint (the "Complaint" or "Compl.") (ECF No. 73) asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants

under Section 20(a) of the Exchange Act. Among other things, the Complaint alleged that Defendants improperly recognized revenue in violation of Generally Accepted Accounting Principles and made materially false and misleading statements about the financial performance of an entity, Professional Power Products, Inc., that PSI acquired in April 2014. The Complaint further alleged that the prices of PSI publicly-traded securities were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

G.      On November 17, 2017, Defendants PSI, Gary Winemaster, Jay J. Hansen, Ellen R. Hoffing, Kenneth Landini and Mary Vogt and, separately, Daniel P. Gorey, moved to dismiss the Complaint. On November 20, 2017, Michael P. Lewis moved for leave to file *instanter* his motion to dismiss, ECF No. 98, which the Court granted on December 11, 2017, ECF No. 100. On January 22, 2018, Plaintiffs filed and served their papers in opposition to those motions, ECF Nos. 115-118, and, on March 5 and 6, 2018, Defendants filed and served their reply papers, ECF Nos. 119-122.

H.      On April 16, 2018, Lead Counsel and Counsel for PSI participated in a full-day mediation session before Robert A. Meyer, Esq. In advance of that session, the Parties exchanged detailed mediation statements and exhibits to Mr. Meyer, which addressed the issues of both liability and damages. The session ended without any formal agreement being reached.

I.      Mr. Meyer conducted further discussions with the Parties which culminated in an agreement in principle to settle the Action that was memorialized in a term sheet (the "Term Sheet"), the provisions of which were negotiated between the parties over the next several weeks, and which was executed on July 17, 2018. The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the

Action in return for a cash payment by or on behalf of Defendants of $8,500,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

J.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

K.      Based upon their investigation, prosecution, and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action, on behalf of themselves and the Settlement Class, pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

L.      Defendants, individually and collectively, have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in the Action. Defendants expressly have vigorously denied and continue to deny any and all charges of fault, wrongdoing, or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants further deny that the Plaintiffs or the Settlement Class have suffered damages, that the prices of PSI common stock were artificially inflated during the Settlement Class Period as a result of any alleged misrepresentations, omissions, non-disclosures or otherwise by Defendants, and/or that the Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Complaint. Nonetheless,

4

Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Action. Defendants have, therefore, determined to settle the Action in the manner and upon the terms and conditions set forth in this Stipulation.

M. This Stipulation and the Term Sheet shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Similarly, this Stipulation and the Term Sheet, nor any act performed or document executed pursuant to or in furtherance of the Stipulation and the Term Sheet, and all negotiations, discussions, actions, proceedings in connection with the Stipulation and the Term Sheet shall not be deemed or constitute a presumption, concession or an admission by any Defendants or any Defendants' Releasees (defined below) of any fault, liability, or wrongdoing whatsoever as to any facts or claims alleged or asserted in the Action or any other action or proceeding (including *Dorvit v. Winemaster*, Case No. 1:17-cv-01097 (N.D. Ill. filed February 10, 2017) ("*Dorvit*"), *Rebscher v. Winemaster*, Case No. 2017-CH-06517 (Circuit Court of Cook County, Chancery Division filed May 5, 2017) (consolidated with *McClenney v. Winemaster*, Case No. 2017-CH-06481 (Circuit Court of Cook County, Chancery Division filed May 5, 2017) ("*Rebscher*")), and *Martin v. Winemaster*, Case No. 18-cv-2386 (N.D. Ill. filed April 3, 2018) ("*Martin*")), and shall not be invoked, offered, or received in evidence or otherwise used by any person in the Action except in connection with any proceeding to proceed with or enforce the terms of this Stipulation. Each of the Parties recognizes and acknowledges,

however, that the Action has been initiated, filed and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys, and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, Released Plaintiffs' Claims, Released Defendants' Claims, and all matters encompassed within the scope of the releases set forth or referenced in this Stipulation, shall be finally, fully, and forever compromised, settled, and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the consolidated securities class action in the matter styled *Gupta v. Power Solutions International, Inc., et al.*, Case No. 1:16-cv-8253, and includes all actions consolidated therein.

(b)      "Alternate Judgment" means a final judgment that may be entered by the Court in the Action that is the same in all material respects to the form of Judgment provided for in this Stipulation and attached as Exhibit B, but in a form other than the form of Judgment provided for in this Stipulation.

(c)     "Authorized Claimant" means any Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)     "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(e)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(f)     "Claimant" means any person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)     "Claims Administrator" means Epiq Class Action & Claims Solutions, Inc.

(h)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i)     "Complaint" means the First Amended Class Action Complaint filed by Plaintiffs in the Action on September 15, 2017.

(j)     "Court" means the United States District Court for the Northern District of Illinois.

(k)     "Defendants" means PSI and the Individual Defendants.

(l)     "Defendants' Counsel" means Vedder Price P.C., Latham & Watkins LLP, Katten Muchin Rosenman LLP and Reed Smith LLP.

(m)     "Defendants' Releasees" means Defendants and their respective current and former family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, foundations, agents, employees, parents, subsidiaries, divisions, affiliates, officers, managers, directors, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, advisors, consultants, attorneys, personal or legal representatives, accountants, auditors, insurers, co-insurers, reinsurers, and associates, in their capacities as such.

(n)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

(o)     "Escrow Account" means the interest-bearing account maintained at Huntington National Bank into which Defendants shall cause Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(p)     "Escrow Agent" means Huntington National Bank.

(q)     "Excluded Claims" means (i) any claims asserted in *Dorvit v. Winemaster,* Case No. 1:17-cv-1097 (N.D. Ill. filed February 10, 2017); *Rebscher v. Winemaster*, Case No. 2017-CH-06517 (Circuit Court of Cook County, Chancery Division filed May 5, 2017) (consolidated with *McClenney v. Winemaster*, Case No. 2017-CH-06481 (Circuit Court of Cook County, Chancery Division filed May 5, 2017)); and *Martin v. Winemaster*, Case No. 18-cv-2386 (N.D. Ill. filed April 3, 2018), (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court, and (iii) any claims relating to the enforcement of the Settlement or its terms.

(r)     "Final" means when the last of the following with respect to the Judgment or, if applicable, the Alternate Judgment shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment or Alternate Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration date of the time in which to appeal the Judgment or Alternate Judgment has passed without any appeal having been taken, which date shall be deemed to be thirty (30) days following the entry of the Judgment or Alternate Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirtieth (30th) day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such thirtieth (30th) day or (iii) if a motion to alter or amend the Judgment or Alternate Judgment under Federal Rule of Civil Procedure 59(e) is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Settlement in accordance with the terms and conditions of this Stipulation; *provided, however, that,* any appeal or proceeding, or any appeal or petition for writ of certiorari or other form of review, seeking subsequent judicial review pertaining solely to an order issued with respect to (i) Plaintiffs Counsel's attorneys' fees, costs or expenses, or (ii) the Plan of Allocation of the Settlement Fund (as submitted or subsequently modified) and not challenging the merits of the Settlement or the relief to be granted to Defendants or the Release Parties hereunder, shall not in any way delay or preclude the Judgment or Alternate Judgment from becoming Final and the occurrence of the Effective Date.

(s)     "Final Approval Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(t)      "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(u)     "Individual Defendants" means Gary S. Winemaster, Daniel P. Gorey, Michael P. Lewis, Jay J. Hansen, Ellen R. Hoffing, Kenneth Landini and Mary E. Vogt.

(v)     "Internet Notice" means the Internet Long Form Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be provided to Settlement Class Members.

(w)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(x)     "Lead Counsel" means the law firm of Glancy Prongay & Murray LLP.

(y)     "Lead Plaintiff" means Richard Giunta.

(z)     "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(aa)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(bb)    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the processing of Claims, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(cc)    "Parties" or "Settling Parties" means Lead Plaintiff Richard Giunta and named Plaintiff David Leibowitz on behalf of themselves and the Settlement Class, and Defendants.  "Party" means one of either Plaintiffs or Defendants.

(dd)    "Plaintiffs" means Lead Plaintiff and named plaintiff David Leibowitz.

(ee)    "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

(ff)    "Plaintiffs' Releasees" means Plaintiffs in the Action, and all other Settlement Class members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, accountants, family members, and attorneys, in their capacities as such.

(gg)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Internet Notice.

(hh)    "Postcard Notice" means the Postcard Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness

11

Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 4 to Exhibit A, which is to be mailed to Settlement Class Members.

(ii)     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(jj)     "PSI" means Power Solutions International, Inc.

(kk)    "PSI Securities" means PSI common stock.

(ll)     "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(mm) "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(nn)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that a Defendant or Defendants have against Plaintiffs or the Settlement Class, and that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims or defenses against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(oo)    "Released Plaintiffs' Claims" means all claims, liabilities, demands, lawsuits, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, whether class or

individual in nature, that are based upon, arise out of, or relate to, or involve, directly or indirectly, (i) the purchase, acquisition, sale or retention of PSI common stock during the Settlement Class Period, and (ii) any of the actions, failures to act, transactions, occurrences, statements, omissions, allegations, facts, practices, events, or claims arising therefrom or related thereto, alleged or asserted in, or which could have been asserted in the Complaint in the Action. Released Plaintiffs' Claims do not include any Excluded Claims.

(pp)    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(qq)    "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(rr)    "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(ss)    "Settlement Amount" means $8,500,000.00.

(tt)    "Settlement Class" means all persons and entities who or which purchased or otherwise acquired PSI common stock between February 27, 2014 and February 2, 2017, inclusive, and were damaged thereby. Excluded from the Settlement Class are Defendants; members of the Individual Defendants' Immediate Families; Defendants' legal representatives, heirs, successors or assigns, and any entity in which they have or had a controlling interest; any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family; and the current former officers and directors of PSI. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

(uu)    "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

13

(vv)   "Settlement Class Period" means the period between February 27, 2014 and February 2, 2017, inclusive.

(ww)   "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(xx)   "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(yy)   "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(zz)   "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members and each of the

14

Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, any Settlement Class Member, Defendants, and their respective Releasees, may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties shall expressly, fully, finally and forever settle and release, and each Settlement Class Member and each of the Releasees, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment or Alternate Judgment shall have fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore existed, upon any theory or law or equity now existing or coming into existence in the future, including but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the Settlement Class Members and each of the Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

15

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, and subject to approval by the Court, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiff and named Plaintiff as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Within ten (10) business days of execution of this Stipulation, Plaintiffs will move for: preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a Final Approval Hearing, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the dismissal of the Action with prejudice as against Defendants; and (ii) the Releases provided for herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and all Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled,

16

released, resolved, relinquished, waived and discharged each and every Released Plaintiffs'
Claim against Defendants and Defendants' Releasees, and shall forever be barred and enjoined
from prosecuting any or all of the Released Plaintiffs' Claims against any of Defendants'
Releasees.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without
further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of
themselves, and their respective heirs, executors, administrators, predecessors, successors, and
assigns in their capacities as such, shall be deemed to have, and by operation of law and of the
judgment shall have, fully, finally and forever compromised, settled, released, resolved,
relinquished, waived and discharged each and every Released Defendants' Claim against
Plaintiffs and Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting
any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate
Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the
terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the settlement of the Released Plaintiffs' Claims against
Defendants and Defendants' Releasees, PSI and/or its insurers shall pay or cause to be paid the
Settlement Amount, on behalf of Defendants, into the Escrow Account no later than ten (10)
business days after the later of: (a) the date of entry by the Court of an order preliminarily
approving this Settlement; or (b) Defendants' Counsel's receipt from Lead Counsel of the
information necessary to effectuate a transfer of funds to the Escrow Account, including wiring
instructions that include the bank name and ABA routing number, account name and number,

and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

### USE OF SETTLEMENT FUND

9.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-30 below.

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall have no responsibility or

19

liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Defendants will take no position with respect to Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses.

16.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately after the Court enters an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  In the event attorneys' fees and expenses are awarded by the Court pursuant to ¶ 15, Plaintiffs' Counsel agrees that it accepts payment subject to its obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than fourteen (14) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the

21

Settlement embodied herein. Neither Plaintiffs nor Plaintiffs' Counsel may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses. Furthermore, Plaintiffs' Counsel (including its respective partners) agrees that it remains subject to the continuing jurisdiction of the Court for the purpose of enforcing its obligation to repay required attorneys' fees and expenses to the Settlement Fund as provided in this ¶ 16.

17.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.     As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than PSI's obligation to provide a list of record holders as provided in ¶ 20 below, none of the Defendants, nor any Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any Settlement Class Members, or Lead Counsel in connection with the foregoing.

19.     Notwithstanding anything else in this Stipulation, Defendants shall be responsible for sending notices under the Class Action Fairness Act, 28 U.S.C. § 1715(b), and for all costs and expenses related thereto.  Other than PSI and/or its insurers' obligations to pay the Settlement Amount into the Escrow Account and cost and expenses related to sending notices required by the Class Action Fairness Act, Defendants shall have no obligation, responsibility or liability to make any other payments whatsoever in connection with the Settlement or the Action, including but not limited to not having any obligation, responsibility, or liability to pay any amounts that may be awarded by the Court to Lead Counsel for payment of attorneys' fees and expenses.

20.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Internet Long Form Notice, Proof of Claim Form, and Summary Notice posted and published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, PSI shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its security lists (consisting of names and addresses) of the record holders of PSI common stock during the Settlement Class Period.

21.     The Claims Administrator shall receive Claims and determine (a) whether the Claim is a valid Claim, in whole or part; and (b) each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to

the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Internet Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

22. The Plan of Allocation proposed in the Internet Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

23. Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24. Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to

24

accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

25. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a) Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b) All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Internet Notice. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions

thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

26.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and

discovery under the Federal Rules of Civil Procedure; *provided, however,* that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

27. Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; and (b) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28. Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

29. No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court. Plaintiffs and Defendants, and their respective counsel, and Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the

Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

<u>**TERMS OF THE JUDGMENT**</u>

31.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B, or an Alternate Judgment, if applicable.

**CONDITIONS OF SETTLEMENT AND EFFECT OF**
**<u>DISAPPROVAL, CANCELLATION OR TERMINATION</u>**

32.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 36 below);

(d)     Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and the Alternate Judgment has become Final.

33.     Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation or in the Supplemental Agreement as described in ¶ 36 below; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Plaintiffs and Defendants shall revert to their respective positions in the Action as of April 18, 2018.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 37 and 57, shall have no further force and effect with respect to the Parties

and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

35.     It is further stipulated and agreed that Plaintiffs, provided they unanimously agree, and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment or Alternate Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment or Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Seventh Circuit or the United States Supreme Court.  If Defendants exercise their right under this ¶ 35, the provisions of ¶ 34 above shall apply.  However, any decision or

30

proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any Plan of Allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.     In addition to the grounds set forth in ¶ 35 above, Defendants shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Internet Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

37.     Neither the Term Sheet nor this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), all negotiations, discussions, actions, and proceedings in connection with the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be deemed or constitute a presumption, concession, or an admission by any Defendants or any other Defendants' Releasees of any fault, liability, or wrongdoing whatsoever as to any facts or claims alleged or asserted in the Action, and shall not be invoked, offered, or received in evidence or otherwise used by any person in the Action, or any other action or proceeding (including *Dorvit*, *Rebscher*, and *Martin*) whether civil, criminal, or administrative, except in connection with any proceeding to proceed with or enforce the terms of this Stipulation;

(b)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

38.     All of the exhibits attached hereto and the Supplemental Agreement are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto or the Supplemental Agreement, the terms of the Stipulation shall prevail.

39.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34.

40.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims.  Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by

33

Defendants in bad faith or without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Robert Mayer, Esq., and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

41. While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

42. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

43. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

44.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

45.     The waiver by one Party of any breach of this Stipulation by any other Party (i) shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation; and (ii) shall not be deemed a waiver of any such breach on behalf of any other Party.

46.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

47.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

48.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

49.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by

the internal laws of the State of Illinois without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

50.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

51.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

52.     All counsel and any other person executing this Stipulation, any of the exhibits hereto, the Supplemental Agreement, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

53.     Lead Counsel and Defendants' Counsel agree to cooperate reasonably with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use reasonable best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

54.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

|  |  |
|---|---|
| If to Plaintiffs or Lead Counsel: | Glancy Prongay & Murray LLP<br>Attn: Jason Krajcer, Esq.<br>1925 Century Park East, Suite 2100<br>Los Angeles, California 90067<br>Telephone: (310) 201-9150<br>Email: jkrajcer@glancylaw.com |
| If to Defendants: | Vedder Price P.C.<br>Attn: Rebecca L. Dandy, Esq.<br>222 North LaSalle Street, Suite 2600<br>Chicago, IL 60601<br>Telephone: (312) 609-7923<br>Email: rdandy@vedderprice.com |
|  | Latham & Watkins LLP<br>Attn: Sean M. Berkowitz, Esq.<br>330 N. Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>Telephone: (312) 876-7700<br>Email: sean.berkowitz@lw.com |
|  | Katten Muchin Rosenman LLP<br>Attn: Michael J. Diver, Esq.<br>525 West Monroe Street<br>Chicago, IL 60661<br>Telephone: (312) 902-5671<br>Email: michael.diver@kattenlaw.com |
|  | Reed Smith LLP<br>Attn: James A. Rolfes, Esq.<br>10 South Wacker Drive, 40th Floor<br>Chicago, IL 60606<br>Telephone: (312) 207-2777<br>Email: jrolfes@reedsmith.com |

55.     Except as otherwise provided herein, each Party shall bear its own costs.

56.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

57.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

58.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of January 22, 2019.

**GLANCY PRONGAY & MURRAY LLP**

By: _s/ Jason L. Krajcer_____
        Jason L. Krajcer
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Email: JKrajcer@glancylaw.com

*Lead Counsel for Plaintiffs*
*and the Class*

**VEDDER PRICE P.C.**

By: _s/ Rebecca L. Dandy_____
    Rebecca L. Dandy
222 North LaSalle Street, Suite 2600
Chicago, IL 60601
Telephone: (312) 609-7923
Email: rdandy@vedderprice.com

*Counsel for Defendants Power Solutions International, Inc., Jay J. Hansen, Ellen R. Hoffing, Kenneth Landini and Mary Vogt*


**LATHAM & WATKINS LLP**

By: _s/ Sean M. Berkowitz_____
    Sean M. Berkowitz
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: sean.berkowitz@lw.com

*Counsel for Defendant Gary S. Winemaster*

**KATTEN MUCHIN ROSENMAN LLP**

By: _s/ Michael J. Diver_____
    Michael J. Diver
525 West Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5671
Email: michael.diver@kattenlaw.com

*Counsel for Defendant Daniel P. Gorey*

**REED SMITH LLP**

By: _s/ James A. Rolfes_____
    James A. Rolfes
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone: (312) 207-2777
Email: jrolfes@reedsmith.com

***Counsel for Defendant Michael P. Lewis***

**Exhibit A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| SUMIT GUPTA, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>POWER SOLUTIONS INTERNATIONAL, INC., GARY S. WINEMASTER, DANIEL P. GOREY, and MICHAEL P. LEWIS,<br><br>                    Defendants. | Case No.: 1:16-cv-08253<br><br>Consolidated with<br><br>No.: 1:16-cv-9599<br><br>Honorable Virginia M. Kendall |

**[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated class action is pending in this Court entitled *Gupta v. Power Solutions International, Inc., et al.*, Case No. 1:16-cv-08253 (the "Action");

WHEREAS, (a) Lead Plaintiff Richard Giunta ("Lead Plaintiff") and named Plaintiff David Leibowitz ("Plaintiff" and together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendant Power Solutions International, Inc., ("PSI" or the "Company") and defendants Gary S. Winemaster, Daniel P. Gorey, Michael P. Lewis, Jay J. Hansen, Ellen R. Hoffing, Kenneth Landini and Mary E. Vogt (collectively, the "Individual Defendants," and, together with PSI, the "Defendants" and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated  January 22, 2019 (the "Stipulation") subject to approval of this Court (the

"Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.  **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired PSI common stock between February 27, 2014 and February 2, 2017, inclusive and were damaged thereby (the "Settlement Class Period"). Excluded from the Settlement Class are Defendants; members of the Individual Defendants' Immediate Families; Defendants' legal representatives, heirs, successors or assigns, and any entity in which they have or had a controlling interest; any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family; and the current former officers and directors of the Company. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.     **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.     The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Richard Giunta and named Plaintiff David Leibowitz are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.

5.     **Final Approval Hearing** – The Court will hold a final approval hearing (the "Final Approval Hearing") on _____, 201__ at __:__ _.m. in Courtroom 2319 of the United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided

for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.　　The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.　　**<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel is hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Final Approval Hearing shall be given by Lead Counsel as follows:

(a)　　within ten (10) business days of the date of entry of this Order, PSI shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its security holder lists (consisting of names and addresses) for the PSI common stock during the Settlement Class Period;

(b)　　not later than twenty (20) business days after the date of entry of this

4

Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 4, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by PSI or in the records which PSI caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the detailed Internet Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Internet Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Internet Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits A 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the detailed Internet Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of

the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Final Approval Hearing shall be included in the Postcard Notice, Internet Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

9.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired PSI common stock during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.50 per notice, by providing the Claims Administrator with proper

documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim

7

Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of Defendants' Releasees, as more fully described in the Stipulation and Internet Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Internet Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing, to:  *Power Solutions Securities Litigation*, EXCLUSIONS, c/o Claims Administrator, P.O. Box 3747, Portland, OR 97208-3747, (888) 457-6703, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in

*Power Solutions Securities Litigation*, Case No. 1:16-cv-08253"; (iii) state the number of shares of PSI common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of Defendants' Releasees, as more fully described in the Stipulation and Internet Notice.

16. **<u>Appearance and Objections at Final Approval Hearing</u>** – Any Settlement

Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Final Approval Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Final Approval Hearing.

| **Lead Counsel** | **PSI's Counsel** |
|---|---|
| Glancy Prongay & Murray LLP | Vedder Price P.C. |
| Jason Krajcer, Esq. | Rebecca L. Dandy, Esq. |
| 1925 Century Park East, Suite 2100 | 222 N. LaSalle St., Suite 2600 |
| Los Angeles, CA 90067 | Chicago, IL 60601 |

18. Any objections, filings and other submissions by the objecting Settlement

Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of PSI common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Final Approval Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of

the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs'

Claims against each and all of Defendants' Releasees.

21.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred

in identifying Settlement Class Members and notifying them of the Settlement as well as in

administering the Settlement shall be paid as set forth in the Stipulation without further order of

the Court.

22.     **Settlement Fund** – The contents of the Settlement Fund held by The Huntington

National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered

to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until

such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the

Court.

23.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and

any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement

Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all

obligations with respect to Taxes and any reporting or filings in respect thereof without further

order of the Court in a manner consistent with the provisions of the Stipulation.  Defendants'

Releasees shall not have any liability or responsibility for the preparation of any such tax returns

or reports or the payment of any such taxes.

24.     **Termination of Settlement** – If the Settlement is terminated as provided in the

Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise

fails to occur, this Order shall be vacated, rendered null and void and be of no further force and

effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice

to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties

shall revert to their respective positions in the Action as of April 18, 2018, as provided in the Stipulation.

25. **Use of this Order** –This Order, the term sheet executed by the Parties on July 17, 2018 (the "Term Sheet"), the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations, discussions, and actions leading to the execution of the Term Sheet and the Stipulation, and any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall not be offered against any of Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding (including *Dorvit v. Winemaster*, Case No. 1:17-cv-01097 (N.D. Ill. filed February 10, 2017) ("*Dorvit*"), *Rebscher v. Winemaster*, Case No. 2017-CH-06517 (Circuit Court of Cook County, Chancery Division filed May 5, 2017) (consolidated with *McClenney v. Winemaster*, Case No. 2017-CH-06481 (Circuit Court of Cook County, Chancery Division filed May 5, 2017) ("*Rebscher*")), and *Martin v. Winemaster*, Case No. 18-cv-2386 (N.D. Ill. filed April 3, 2018) ("*Martin*")), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall not be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be

13

evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; and (c) shall not be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Final Approval Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

27. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 201__.

_____
The Honorable Virginia M. Kendall
United States District Judge

14

**Exhibit A-1**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| SUMIT GUPTA, Individually and on Behalf of All Others Similarly Situated,<br><br>                                Plaintiff,<br><br>        v.<br><br>POWER SOLUTIONS INTERNATIONAL, INC., GARY S. WINEMASTER, DANIEL P. GOREY, and MICHAEL P. LEWIS,<br><br><br><br>                                Defendants. | Case No.: 1:16-cv-08253<br><br>Consolidated with<br><br>No.: 1:16-cv-9599<br><br>Honorable Virginia M. Kendall |

### NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of Illinois (the "Court"), if you purchased or otherwise acquired Power Solutions International, Inc. ("PSI") common stock between February 27, 2014 and February 2, 2017, inclusive, and were damaged thereby (the "Settlement Class Period").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated January 22, 2019 (the "Stipulation"), which is available at www.PowerSolutionsSecuritiesLitigation.comcom.

1

Richard Giunta ("Lead Plaintiff") and named Plaintiff, David Leibowitz ("Plaintiff" and together with Lead Plaintiff, "Plaintiffs") on behalf of themselves and the Settlement Class (as defined in ¶ 20 below), have reached a proposed settlement of the Action for $8,500,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact PSI, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 69 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Power Solutions International, Inc. ("PSI"), Gary S. Winemaster, Daniel P. Gorey, Michael P. Lewis, Jay J. Hansen, Ellen R. Hoffing, Kenneth Landini, and Mary E. Vogt (collectively, the "Defendants")[2] violated the federal securities laws by making material false and misleading statements regarding PSI. Defendants deny all allegations of wrongdoing, damages, or liability whatsoever. A more detailed description of the Action is set forth in paragraphs 11-19 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 20 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $8,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Plaintiffs' damages expert's estimates of the number of shares of PSI common stock purchased

---

[2] Defendants Winemaster, Gorey, Lewis, Hansen, Hoffing, Landini, and Vogt are collectively referred to herein as the "Individual Defendants."

during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that ***all*** Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described below) per share is $0.809. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their shares of PSI common stock, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2016, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Glancy Prongay & Murray LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33 1/3% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $175,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of PSI common stock, if the Court approves Lead Counsel's fee and expense application, is $0.286 per share.

6. **Identification of Attorneys' Representatives:** Plaintiffs and the Settlement Class are represented by Jason Krajcer, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com.

7. **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or

3

liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 201__.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 29 below) that you have against Defendants and the Defendants' Releasees (defined in ¶ 30 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 201__.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 201__.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 201__ AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 201__.** | Filing a written objection and notice of intention to appear by _____, 201__ allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

4

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Do I Know If I Am Affected By The Settlement?  Who Is Included

    In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Are Plaintiffs' Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page [ ]

What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page [ ]

How Are Settlement Class Members Affected By The Action And

    The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Do I Participate In The Settlement?  What Do I Need To Do? . . . . . . . . . . . . . . . . .Page [ ]

How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page [ ]

What Payment Are The Attorneys For The Settlement Class Seeking?

       How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Page [ ]

What If I Do Not Want To Be A Member Of The Settlement Class?

       How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

When And Where Will The Court Decide Whether To Approve The Settlement?

       Do I Have To Come To The Hearing?  May I Speak At The Hearing If I

       Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . . .Page [ ]

Can I See The Court File?  Whom Should I Contact If I Have Questions? . . . . . . . . . . . .Page [ ]

| WHY DID I GET THE POSTCARD NOTICE? |
|---|

8.    The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired shares of PSI common stock during the Settlement Class Period.  The Court also directed that this detailed Internet Notice be posted online at www.PowerSolutionsSecuritiesLitigation.com and mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the

motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Final Approval Hearing"). *See* paragraph 68 below for details about the Final Approval Hearing, including the date and location of the hearing.

10.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.   This litigation stems from, among other things, PSI's announcement that it would restate its financial statements for fiscal years: 2014, 2015 and 2016.

12.   Two class action complaints were filed in the United States District Court for the Northern District of Illinois (the "Court"), which by Order dated January 19, 2017, were consolidated under *Gupta v. Power Solutions, Inc., et al.*, 1:16-cv-08253 and Lead Plaintiff and Lead Counsel were approved and appointed by the Court.

13.   On September 15, 2017, Plaintiffs filed and served their consolidated Amended Class Action Complaint (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleged that Defendants improperly recognized revenue in violation of Generally Accepted Accounting Principles and made materially false and misleading statements about an entity, Professional Power Products, Inc., that PSI acquired in April 2014.  The Complaint further alleged that the prices of PSI common stock were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

14.   On November 17, 2017, Defendants PSI, Gary S. Winemaster, Jay J. Hansen, Ellen R. Hoffing, Kenneth Landini and Mary Vogt and, separately, Daniel P. Gorey, moved to dismiss the Complaint.  On November 20, 2017, Michael P. Lewis moved for leave to file *instanter* his motion to dismiss, which the Court granted on December 11, 2017.  On January 22, 2018, Plaintiffs filed and served their papers in opposition to those motions and, on March 5 and 6, 2018, Defendants filed and served their reply papers.

15.   On April 16, 2018, Lead Counsel and Counsel for PSI participated in a full-day mediation session before Robert A. Meyer, Esq.  In advance of that session, the Parties exchanged detailed mediation statements and exhibits to Mr. Meyer, which addressed the issues of both liability and damages.  The session ended without any formal agreement being reached.

16.   Mr. Meyer conducted further discussions with the Parties which culminated in an agreement in principle to settle the Action that was memorialized in a term sheet (the "Term Sheet"), the provisions of which were negotiated between the parties over the next several weeks, and which was executed on July 17, 2018.  The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment by or on behalf of Defendants of $8,500,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

17.   Based on the investigation and mediation of the case and Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

18.   Defendants, individually and collectively, have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in the Action.  Defendants expressly have vigorously denied and continue to deny any and all charges of fault, wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants further deny that the Plaintiffs or Settlement Class have suffered damages, that the prices of PSI common stock were artificially inflated during the Settlement Class Period as a result of any alleged misrepresentations, omissions, non-disclosures or otherwise by Defendants, and/or that the Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Complaint. Nonetheless, Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Action.  Defendants have, therefore, determined to settle the Action in the manner and upon the terms and conditions set forth in the Stipulation.  The Term Sheet, the Supplemental Agreement and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Similarly, the Stipulation, nor any act performed or document executed pursuant to or in furtherance of the Stipulation, and all negotiations, discussions, actions, proceedings in connection with the Stipulation shall not be deemed or constitute a presumption, concession or an admission by any Defendants or any other Defendants' Releasees (defined below) of any fault, liability, or wrongdoing whatsoever as to any facts or claims alleged or asserted in the Action or any other action or proceeding (including *Dorvit v. Winemaster*, Case No. 1:17-cv-01097 (N.D. Ill. filed February 10, 2017) ("*Dorvit*"), *Rebscher v. Winemaster*, Case No. 2017-CH-06517 (Circuit Court of Cook County, Chancery Division filed May 5,

7

2017) (consolidated with *McClenney v. Winemaster*, Case No. 2017-CH-06481 (Circuit Court of Cook County, Chancery Division filed May 5, 2017) ("*Rebscher*")), and *Martin v. Winemaster*, Case No. 18-cv-2386 (N.D. Ill. filed April 3, 2018) ("*Martin*")), and shall not be invoked, offered, or received in evidence or otherwise used by any person in the Litigation except in connection with any proceeding to proceed with or enforce the terms of the Stipulation.

19.  On _____, 20__, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this detailed Internet Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Final Approval Hearing to consider whether to grant final approval to the Settlement.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?** |
| :---: |

20.  If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and entities who or which purchased or otherwise acquired PSI common stock between February 27, 2014 and February 2, 2017, inclusive, and were damaged thereby (the "Settlement Class Period").

Excluded from the Settlement Class are Defendants; members of the Individual Defendants' Immediate Families; Defendants legal representatives, heirs, successors or assigns, and any entity in which they have or had a controlling interest; any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family; and the current former officers and directors of the PSI.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice that is accepted by the Court.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE:  RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.PowerSolutionsSecuritiesLitigation.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked no later than _____, 20___.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| :---: |

21.    Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Plaintiffs and Lead Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery. For example, Defendants assert that the statements were not materially false and misleading, and that even if they were, they were not made with the requisite state of mind to support the securities fraud claims alleged.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested.  Plaintiffs would have to prevail at several stages – motions to dismiss and for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

22.    In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $8,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after motions to dismiss, summary judgment, trial and appeals, possibly years in the future.

23.    Defendants have denied and continue to deny the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants also have denied and continue to deny, *inter alia*, that any Settlement Class Member has suffered any damages; that the price of PSI stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that the Settlement Class Members were harmed by the conduct in the Action or that could have been alleged as part of the Action.   In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing, damages, or liability by Defendants.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
| :---: |

24.    If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in

the Settlement, or nothing at all.

| **HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?** |
| --- |

25.    As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page ____ below.

26.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page __ below.

27.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

28.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 29 below) against Defendants and Defendants' Releasees (as defined in ¶ 30 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of Defendants' Releasees.

29.    "Released Plaintiffs' Claims" means all claims, liabilities, demands, lawsuits, and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common or foreign law, whether class or individual in nature, that are based upon, arise out of, or relate to, or involve, directly or indirectly, (i) the purchase, acquisition, sale or retention of PSI common stock during the Settlement Class Period, and (ii)  any of the actions, failures to act, transactions, occurrences, statements, omissions, allegations, facts, practices, events, or claims arising therefrom or related

10

thereto, alleged or asserted in, or which could have been asserted in the Complaint in the Action. Released Plaintiffs' Claims do not include any Excluded Claims.[3]

30.    "Defendants' Releasees" means Defendants and their respective current and former family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, foundations, agents, employees, parents, subsidiaries, divisions, affiliates, officers, managers, directors, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, advisors, consultants, attorneys, personal or legal representatives, accountants, auditors, insurers, co-insurers, reinsurers, and associates, in their capacities as such.

31.    "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, any Settlement Class Member, Defendants, and each of their respective Releasees, may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties shall expressly fully, finally, and forever settle and release, and each Settlement Class Member and each of the Releasees, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment or Alternate Judgment shall have fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not

---

[3] "Excluded Claims" means (i) any claims asserted in *Dorvit, Rebscher and Martin*, (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court, and (iii) any claims relating to the enforcement of the Settlement or its terms.

concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including but not limited to, conduct which is negligent, intentional, with or without malice or a breach of any duty, law, or rule without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the Settlement Class Members and each of Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

32.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 33 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 34 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

33.     "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

34.     "Plaintiffs' Releasees" means Plaintiffs in the Action, and all other Settlement Class members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, accountants, family members, and attorneys, in their capacities as such.

| **HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?** |
|---|

35.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 201 _____**.   A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.PowerSolutionsSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-___-___-____. Please retain all records of your ownership of and transactions in PSI common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

36.   At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

37.   Pursuant to the Settlement, PSI and/or PSI's insurer have agreed to pay or caused to be paid eight million five-hundred thousand dollars ($8,500,000) in cash on behalf of Defendants.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

38.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

39.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants and Defendants' Releasees shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

40.   Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

41.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 201__ shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 29 above) against Defendants' Releasees (as defined in ¶ 30 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

42.   Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan")

should NOT include any information relating to their transactions in PSI common stock held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of PSI common stock during the Settlement Class Period may be made by the plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

43. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

44. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

45. Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to a request for exclusion that is accepted by the Court will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are PSI common stock.

## PROPOSED PLAN OF ALLOCATION

46. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who allegedly suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

47. In developing the Plan of Allocation, Plaintiffs' damages expert estimated the amount of alleged artificial inflation[4] in the per share closing prices of PSI common stock that was allegedly proximately caused by Defendants' alleged false and misleading statements and material omissions. In estimating the artificial inflation, Plaintiffs' damages expert considered price changes in PSI common stock in reaction to certain

---

[4] Any reference to "artificial inflation" of PSI's stock in this Notice shall be understood to mean the artificial inflation alleged in the Complaint and shall not be deemed or constitute a presumption, concession or an admission by any Defendants or any other Defendants' Releasees that PSI's stock was artificially inflated during the Class Period.

alleged corrective disclosures in the marketplace, adjusting for price changes that Plaintiffs' damages expert attributed to market or industry forces. The estimated artificial inflation in PSI common stock is shown in Table A below.

48. For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of the security. In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the Settlement Class Period (*i.e.*, the period from February 27, 2014 and February 2, 2017, inclusive), which Plaintiffs allege artificially inflated the prices of PSI common stock. Plaintiffs further allege that corrective disclosures removed artificial inflation from the price of PSI common stock on May 8, 2015, August 6, 2015, August 7, 2015, October 28, 2015, February 23, 2016, August 4, 2016, August 16, 2016, August 19, 2016, January 5, 2017 and February 3, 2017. Because Plaintiffs allege that the disclosures reduced the alleged artificial inflation in stages over the course of the Settlement Class Period, the damages allegedly suffered by any particular Claimant will depend on when that Claimant purchased and sold shares, or retained shares beyond the end of the Settlement Class Period.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

49. Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of PSI common stock during the Settlement Class Period that is listed in the Proof of Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

For shares of PSI common stock purchased or otherwise acquired between February 27, 2014 and February 2, 2017:

> A. For shares sold between February 27, 2014 and February 2, 2017, the Recognized Loss shall be that number of shares multiplied by the lesser of:
>
>> (1) the applicable purchase date artificial inflation per share figure less the applicable sales date artificial inflation per share figure, as found in Table A; or
>> (2) the difference between the purchase price per share and the sales price per share.
>
> B. For shares sold between February 3, 2017 and May 3, 2017, the Recognized Loss shall be the lesser of:
>
>> (1) the applicable purchase date artificial inflation per share figure, as found in Table A; or

(2)    the difference between the purchase price per share and the sales price per    share; or

(3)    the difference between the purchase price per share and the average closing price between February 3, 2017 and the date of sale, as found in    Table B.[5]

C.    For shares held at the end of trading on May 3, 2017, the Recognized Loss shall  be that number of shares multiplied by the lesser of:

(1)    the applicable purchase date artificial inflation per share figure, as found  in Table A; or

(2)    the difference between the purchase price per share and    $6.61.[6]

**Table A**

| Purchase or Sale Date Range | Artificial Inflation Per Share |
|---|---|
| 02/27/2014 - 05/07/2015 | $ 28.58 |
| 05/08/2015 – 08/05/2015 | $ 20.76 |
| 08/06/2015 | $ 17.25 |
| 08/07/2015 – 10/27/2015 | $ 15.36 |

---

[5] Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

[6] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." The mean (average) closing price of Power Solutions International, Inc. common stock during the 90-day period beginning on February 3, 2017 and ending on May 3, 2017 was $6.61 per share.

| | |
|---|---|
| 10/28/2015 – 02/22/2016 | $ 11.68 |
| 02/23/2016 – 08/03/2016 | $ 10.08 |
| 08/04/2016 – 08/15/2016 | $  8.44 |
| 08/16/2016 – 08/18/2016 | $  7.08 |
| 08/19/2016 – 01/04/2017 | $  5.55 |
| 01/05/2017 – 02/02/2017 | $  4.71 |

**Table B**

| Date of Sale | Average Closing Price Between 02/03/2017 and Date of Sale | Date of Sale | Average Closing Price Between 02/03/2017 and Date of Sale |
|---|---|---|---|
| 02/03/2017 | $2.80 | 03/21/2017 | $4.99 |
| 02/06/2017 | $3.25 | 03/22/2017 | $5.02 |
| 02/07/2017 | $3.42 | 03/23/2017 | $5.06 |
| 02/08/2017 | $3.42 | 03/24/2017 | $5.10 |
| 02/09/2017 | $3.38 | 03/27/2017 | $5.13 |
| 02/10/2017 | $3.33 | 03/28/2017 | $5.22 |
| 02/13/2017 | $3.37 | 03/29/2017 | $5.31 |
| 02/14/2017 | $3.40 | 03/30/2017 | $5.41 |
| 02/15/2017 | $3.44 | 03/31/2017 | $5.53 |
| 02/16/2017 | $3.72 | 04/03/2017 | $5.66 |
| 02/17/2017 | $3.96 | 04/04/2017 | $5.77 |
| 02/21/2017 | $4.06 | 04/05/2017 | $5.87 |
| 02/22/2017 | $4.13 | 04/06/2017 | $5.95 |
| 02/23/2017 | $4.18 | 04/07/2017 | $6.02 |
| 02/24/2017 | $4.23 | 04/10/2017 | $6.09 |
| 02/27/2017 | $4.30 | 04/11/2017 | $6.15 |
| 02/28/2017 | $4.36 | 04/12/2017 | $6.21 |
| 03/01/2017 | $4.42 | 04/13/2017 | $6.27 |
| 03/02/2017 | $4.48 | 04/17/2017 | $6.32 |
| 03/03/2017 | $4.56 | 04/18/2017 | $6.32 |
| 03/06/2017 | $4.60 | 04/19/2017 | $6.34 |
| 03/07/2017 | $4.65 | 04/20/2017 | $6.36 |
| 03/08/2017 | $4.69 | 04/21/2017 | $6.37 |
| 03/09/2017 | $4.72 | 04/24/2017 | $6.39 |
| 03/10/2017 | $4.76 | 04/25/2017 | $6.40 |
| 03/13/2017 | $4.79 | 04/26/2017 | $6.43 |
| 03/14/2017 | $4.83 | 04/27/2017 | $6.46 |
| 03/15/2017 | $4.86 | 04/28/2017 | $6.49 |
| 03/16/2017 | $4.90 | 05/01/2017 | $6.54 |
| 03/17/2017 | $4.93 | 05/02/2017 | $6.58 |
| 03/20/2017 | $4.96 | 05/03/2017 | $6.61 |

## **ADDITIONAL PROVISIONS**

50.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 53 below) is $10.00 or greater.

51.     If a Settlement Class Member has more than one purchase/acquisition or sale of PSI common stock, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

52.     A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all PSI common stock.

53.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.   Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

54.     Purchases or acquisitions and sales of PSI common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of PSI common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of PSI common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any PSI common stock unless (i) the donor or decedent purchased or otherwise acquired such PSI common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such PSI common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

55.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the PSI common stock.  The date of a "short sale" is deemed to be the date of sale of PSI common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in an PSI common stock, the earliest Settlement Class Period purchases or acquisitions of that security shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

56.     Option contracts are not securities eligible to participate in the Settlement.  With respect to PSI common stock purchased or sold through the exercise of an option, the purchase/sale date of the PSI common stock is the exercise date of the option and the purchase/sale price of PSI common stock is the exercise price of the option.

57.     To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in PSI common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero.  Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in PSI common stock during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

58.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in PSI common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[7] and (ii) the sum of the Total Sales Proceeds[8] and Total Holding Value.[9]  This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in PSI common stock during the Settlement Class Period.

59.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims

---

[7] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all shares of PSI common stock purchased or acquired during the Settlement Class Period.

[8] The Claims Administrator shall match any sales of PSI common stock during the Settlement Class Period, first against the Claimant's opening position in PSI common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of PSI common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[9] Based on the statutory provision described above in footnote 6, the Claims Administrator shall ascribe a holding value of $6.61 per share to PSI common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on May 3, 2017.  The total calculated holding values for all PSI common stock shall be the Claimant's "Total Holding Value."

Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

60. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants and their respective counsel, and Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

61. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.PowerSolutionsSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

62. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33 1/3% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $175,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

---

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?
HOW DO I EXCLUDE MYSELF?**

---

63.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Power Solutions Securities Litigation*, EXCLUSIONS, c/o Claims Administrator, P.O. Box 3747, Portland, OR 97208-3747.   The exclusion request must be ***received*** no later than _____, 201__.   You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Power Solutions Securities Litigation*, Case No. 1:16-cv-08253"; (c) identify and state the number of shares of PSI common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between February 27, 2014 and February 2, 2017, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

64.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

65.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

66.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE
SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

67.    **Settlement Class Members do not need to attend the Final Approval Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Final Approval Hearing**.

68.    The Final Approval Hearing will be held on _____, 201__ at __:__ _.m., before the Honorable Virginia M. Kendall at the United States District Court for the Northern District of Illinois, United States Courthouse, Courtroom 2319, 219 South

Dearborn Street, Chicago, IL 60604. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Final Approval Hearing without further notice to the members of the Settlement Class.

69. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of Illinois at the address set forth below on or before _____, 201__. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are ***received* on or before _____, 201__**.

| **Clerk's Office** | **Lead Counsel** | **PSI's Counsel** |
|---|---|---|
| United States District Court | **Glancy Prongay & Murray LLP** | **Vedder Price P.C.** |
| Northern District of Illinois | | Rebecca L. Dandy, Esq. |
| Clerk of the Court | Jason Krajcer, Esq. | 222 North LaSalle St., Suite 2600 |
| United States Courthouse | 1925 Century Park East, Suite 2100 | Chicago, IL 60601 |
| 219 South Dearborn St. | Los Angeles, CA 90067 | |
| Chicago IL, 60604 | | |

70. Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of PSI common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between February 27, 2014 and February 2, 2017, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

71. You may file a written objection without having to appear at the Final Approval Hearing. You may not, however, appear at the Final Approval Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

72. If you wish to be heard orally at the hearing in opposition to the approval of the

22

Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is **received on or before _____, 201__**. Persons who intend to object and desire to present evidence at the Final Approval Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

73. You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 69 above so that the notice is **received on or _____, 201__**.

74. The Final Approval Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

75. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
|---|

76. If you purchased or otherwise acquired PSI common stock between February 27, 2014 and February 2, 2017, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to *Power Solutions Securities Litigation*, c/o Claims Administrator, P.O. Box 3747, Portland, OR 97208-3747. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.__ per notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this

Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.PowerSolutionsSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-___-___-____.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

77.     This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Northern District of Illinois, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.PowerSolutionsSecuritiesLitigation.com.com.

All inquiries concerning this detailed Internet Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

*In re Power Solutions Securities Litigation*      and/or              Jason Krajcer, Esq.
c/o Claims Administrator                                  GLANCY PRONGAY & MURRAY
P.O. Box 3747                                                                     LLP
Portland, OR 97208-3747                            1925 Century Park East, Suite 2100
888-457-6703                                            Los Angeles, CA 90067
www.PowerSolutionsSecuritiesLitigation.com                  (888) 773-9224
settlements@glancylaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2019                                 By Order of the Court
United States District Court
Northern District of Illinois

**Exhibit A-2**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUMIT GUPTA, Individually and on Behalf of All Others Similarly Situated, | Case No.: 1:16-cv-08253 |
| Plaintiff, | |
| v. | Consolidated with |
| POWER SOLUTIONS INTERNATIONAL, INC., GARY S. WINEMASTER, DANIEL P. GOREY, and MICHAEL P. LEWIS, | No.: 1:16-cv-9599 |
| Defendants. | Honorable Virginia M. Kendall |

**PROOF OF CLAIM AND RELEASE**

Deadline for Submission: _____, 2019

IF YOU PURCHASED OR OTHERWISE ACQUIRED POWER SOLUTIONS INTERNATIONAL, INC. ("PSI" OR THE "COMPANY") COMMON STOCK BETWEEN FEBRUARY 27, 2014 AND FEBRUARY 2, 2017, INCLUSIVE, AND WERE DAMAGED THEREBY, YOU MAY BE A CLASS MEMBER AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

**I.     GENERAL INSTRUCTIONS**

1.     To recover as a member of the Class based on your claims in the action entitled *Gupta v. Power Solutions, Inc., et al.*, No. 1:16-cv-08253 (the "Action"), you must complete and, on page 13 hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your

1

claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.      YOU MUST EMAIL OR MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2019, ADDRESSED AS FOLLOWS TO THE CLAIMS ADMINISTRATOR:

*Power Solutions Securities Litigation*
c/o Claims Administrator
P.O. Box 3747
Portland, OR, 97208-3747
-or-
Email: info@PowerSolutionsSecuritiesLitigation.com

If you are NOT a member of the Class (as defined in the Postcard Notice or Internet Notice of (I) Pendency and Proposed Settlement of Class Action; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Internet Notice"), DO NOT submit a Proof of Claim and Release form.

4.      If you are a member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

5.      PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the

prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

## II.     CLAIMANT IDENTIFICATION

Use Part I of this form entitled "Claimant Identification" to identify the beneficial purchaser of PSI common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF SHARES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding

their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.PowerSolutionsSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@PowerSolutionsSecuritiesLitigation.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@PowerSolutionsSecuritiesLitigation.com to inquire about your file and confirm it was received and acceptable.

**IMPORTANT: PLEASE NOTE THAT YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (888)-457-6703.**

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in PSI common stock" to supply all required details of your transaction(s) in PSI common stock. If you need more

space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and acquisitions and *all* of your sales of PSI common stock between February 27, 2014 and May 3, 2017, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the PSI common stock you held at the close of trading on May 3, 2017. Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of PSI common stock. The date of a "short sale" is deemed to be the date of sale of PSI common stock.

Copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in PSI common stock should be attached to your claim. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

**Exhibit A-2**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

*Power Solutions Securities Litigation*
Case No. 1:16-cv-08253

**PROOF OF CLAIM AND RELEASE**

**Must Be Emailed or Postmarked No Later Than:**

**_____, 2019**

Please Type or Print in Blue or Black Ink

**PART I:      CLAIMANT IDENTIFICATION**

| | | |
|---|---|---|
| Beneficial Owner's Name (First, Middle, Last): | | |
| | | |
| Address: | | |
| | | |
| City: | State: | ZIP: |
| Foreign Province: | Foreign Country: | |
| Day Phone: | Evening Phone: | |
| Email: | | |
| Last Four Digits of Social Security Number (for individuals): | OR | Last Four Digits of Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

6

**Exhibit A-2**

## PART II: SCHEDULE OF TRANSACTIONS IN PSI COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, above. Do not include information regarding securities other than PSI common stock.

| **1. HOLDINGS AS OF February 27, 2014** – State the total number of shares of PSI common stock held as of the opening of trading on **February 27, 2014**.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position  Enclosed ○ |
|---|---|---|---|---|
| **2. PURCHASES/ACQUISITIONS FROM February 27, 2014 THROUGH February 2, 2017** – Separately list each and every purchase/acquisition (including free receipts) of PSI common stock from after the opening of trading on February 27, 2014 through and including the close of trading on February 2, 2017.  (Must be documented.) | | | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **3. PURCHASES/ACQUISITIONS FROM February 3, 2017 THROUGH May 3, 2017** – State the total number of shares of PSI common stock purchased/acquired (including free receipts) from after the opening of trading on February 3, 2017 through and including the close of trading on May 3, 2017.  If none, write "zero" or "0."[1] _____ | | | | |
| **4. SALES FROM February 27, 2014 THROUGH May 3, 2017** – Separately list each and every sale/disposition (including free deliveries) of PSI common stock from after the opening of trading on February 27, 2014 through and including the close of trading on May 3, 2017. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | ○ |

---

[1] **Please note**:  Information requested with respect to your purchases/acquisitions of PSI common stock from after the opening of trading on February 3, 2017 through and including the close of trading on May 3, 2017 is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

**Exhibit A-2**

| | | | | |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **5. HOLDINGS AS OF May 3, 2017 –** State the total number of shares of PSI common stock held as of the close of trading on May 3, 2017.  (Must be documented.)  If none, write "zero" or "0." | | | | Confirm Proof of Position Enclosed ○ |

---

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 13.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR REJECTION OF YOUR CLAIM.**

**PART III:    RELEASE OF CLAIMS AND SIGNATURE**

**I.    SUBMISSION    TO    JURISDICTION    OF    COURT    AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement ("Stipulation") described in the Postcard Notice and the detailed Internet Notice.[2] I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Illinois with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the same purchases of PSI common stock and know of no other person having done so on my (our) behalf.

**II.    RELEASE**

1.    Upon the Effective Date of the Settlement, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Plaintiffs' Claims (defined below), including Unknown Claims (defined below), each and all of the Defendants' Releasees (defined below) as provided in the Stipulation, parts of which are set forth in Paragraphs 2-5 below.

---

[2] All capitalized terms used in this Proof of Claim and Release that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation, which is available at www.powersolutionssecuritieslitigation.com.

**Exhibit A-2**

2.      "Defendants' Releasees" means Defendants and their respective current and former family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, foundations, agents, employees, parents, subsidiaries, divisions, affiliates, officers, managers, directors, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, advisors, consultants, attorneys, personal or legal representatives, accountants, auditors, insurers, co-insurers, reinsurers, and associates, in their capacities as such.

3.      "Defendants" means PSI and the Individual Defendants: Gary S. Winemaster, Daniel P. Gorey, Michael P. Lewis, Jay J. Hansen, Ellen R. Hoffing, Kenneth Landini and Mary E. Vogt.

4.      "Released Plaintiffs' Claims" means all claims, liabilities, demands, lawsuits, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, whether class or individual in nature, that are based upon, arise out of, or relate to, or involve, directly or indirectly, (i) the purchase, acquisition, sale or retention of PSI common stock during the Settlement Class Period, and (ii) any of the actions, failures to act, transactions, occurrences, statements, omissions, allegations, facts, practices, events, or claims arising therefrom or related thereto, alleged or asserted in, or which could have been asserted in the Complaint in the Action.  Released Plaintiffs' Claims do not include any Excluded Claims.[3]

---

[3] "Excluded Claims" means (i) any claims asserted in *Dorvit v. Winemaster,* Case No. 1:17-cv-1097 (N.D. Ill. filed February 10, 2017); *Rebscher v. Winemaster*, Case No.

5. "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members and each of the Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, any Settlement Class Member, Defendants, and each of their respective Releasees, may hereafter discover facts in addition to or different from those which he, she,

---

2017-CH-06517 (Circuit Court of Cook County, Chancery Division filed May 5, 2017) (consolidated with *McClenney v. Winemaster*, Case No. 2017-CH-06481 (Circuit Court of Cook County, Chancery Division filed May 5, 2017)); and *Martin v. Winemaster*, Case No. 18-cv-2386 (N.D. Ill. filed April 3, 2018), (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court, and (iii) any claims relating to the enforcement of the Settlement or its terms.

or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties shall expressly fully, finally, and forever settle and release, and each Settlement Class Member and each of the Releasees, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment or Alternate Judgment shall have fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement. This release shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

6.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of PSI common stock between

February 27, 2014 and May 3, 2017, and the number of shares of PSI common stock held by me (us) at the close of trading on May 3, 2017.

8.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

9.      I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____
                                                                        (Month/Year)

in _____, _____.
              (City)                                               (State/Country)


_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor
or Administrator)


_____
(Sign your name here)

_____
(Type or print your name here)

13

**Exhibit A-2**

_____

(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor
or Administrator)

**Exhibit A-2**

## ACCURATE CLAIMS PROCESSING TAKES A
## SIGNIFICANT AMOUNT OF TIME.
## THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.  Please sign and date the above release and declaration.  If this Proof of Claim and Release is submitted on behalf of joint claimants, then both claimants must sign.

2.  Remember to attach supporting documentation, if available.

3.  DO NOT send original stock certificates.

4.  Keep a copy of everything you submit for your records, including your Proof of Claim and Release form.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (888) 457-6703.

6.  If you move after submitting this Proof of Claim and Release, please notify the Claims Administrator of the change in your address.

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED VIA EMAIL OR POSTMARKED NO LATER THAN _____, 2019, ADDRESSED AS FOLLOWS:**

*Power Solutions Securities Litigation*
c/o Claims Administrator
P.O. Box 3747
Portland, OR, 97208-3747
Tel.: (888) 457-6703
-or-
Email: info@PowerSolutionsSecuritiesLitigation.com

**Exhibit A-3**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUMIT GUPTA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> POWER SOLUTIONS INTERNATIONAL, INC., GARY S. WINEMASTER, DANIEL P. GOREY, and MICHAEL P. LEWIS, <br><br> Defendants. | Case No.: 1:16-cv-08253 <br><br> Consolidated with <br><br> No.: 1:16-cv-9599 <br><br> Honorable Virginia M. Kendall |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING;
AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities who, during the period between February 27, 2014 and
February 2, 2017 inclusive, purchased or otherwise acquired the common stock of
Power Solutions ("PSI") and were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED
BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Internet Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Internet Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff and named Plaintiff in the Action have reached a proposed settlement of the Action for $8,500,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action. Defendants deny all allegations of wrongdoing, damages, and liability whatsoever.

A hearing will be held on _____, 201__ at __:__ _.m., before the Honorable Virginia M. Kendall at the United States District Court for the Northern District of Illinois,

United States Courthouse, Courtroom 2319, 219 South Dearborn Street, Chicago, IL 60604, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated January 22, 2019 (and in the Internet Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**.  The detailed Internet Notice and Proof of Claim and Release Form ("Claim Form"), can be downloaded from the website maintained by the Claims Administrator, www.PowerSolutionsSecuritiesLitigation.com.  You may also obtain copies of the Internet Notice and Claim Form by contacting the Claims Administrator at *Power Solutions Securities Litigation*, c/o Claims Administrator, P.O. Box 3747, Portland, OR 97208-3747, 1-888-457-6703.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2019.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2019, in accordance with the instructions set forth in the Internet Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2019, in accordance with the instructions set forth in the detailed Internet Notice.

**Please do not contact the Court, the Clerk's office, PSI, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the detailed Internet Notice and Claim Form should be made to:

*In re Power Solutions Securities Litigation*
c/o Claims Administrator
P.O. Box 3747
Portland, OR 97208-3747
888-457-6703
www.PowerSolutionsSecuritiesLitigation.com

       Inquiries, other than requests for the detailed Internet Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Jason Krajcer, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(888) 773-9224
settlements@glancylaw.com

By Order of the Court

**Exhibit A-4**

Power Solutions Securities Litigation
c/o Claims Administrator
PO Box 3747
Portland, OR 97208-3747

[Postage Prepaid]

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*Power Solutions Securities Litigation*
Case No. 1:16-cv-08253

Name
Address
City, State
Zip

---

***THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.***
***PLEASE VISIT www.PowerSolutionsSecuritiesLitigation.com FOR MORE INFORMATION.***

There has been a proposed Settlement of claims against Power Solutions International, Inc. ("PSI") and certain executives and directors of PSI (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiff alleges that Defendants disseminated materially false and misleading information to the investing public about its revenue, in violation of the federal securities laws. Defendants deny any wrongdoing, damages, or liability whatsoever. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired PSI common stock between February 27, 2014 and February 2, 2017, inclusive, and were damaged thereby.

PSI and/or its insurers have agreed to pay a Settlement Amount of $8.5 million on behalf of Defendants. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and Internet Notice, available at www.PowerSolutionsSecuritiesLitigation.com.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in PSI common stock. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.809 per share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Internet Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.PowerSolutionsSecuritiesLitigation.com or will be mailed to you upon request to the Claims Administrator (888-457-6703). **Claim Forms must be postmarked by _____**. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by _____. The Internet Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on _____, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33 1/3% of the Settlement Fund in attorneys' fees, plus actual expenses up to $175,000 for litigating the case and negotiating the Settlement, which may include reimbursement of Plaintiffs' costs and expenses related to their representation of the Settlement Class. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (888-457-6703) or visit the website www.PowerSolutionsSecuritiesLitigation.com and read the Internet Notice.

**Exhibit B**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

SUMIT GUPTA, Individually and
on Behalf of All Others Similarly Situated,

                                  Plaintiff,

     v.

POWER SOLUTIONS INTERNATIONAL,
INC., GARY S. WINEMASTER, DANIEL P.
GOREY, and MICHAEL P. LEWIS,

                                  Defendants.

Case No.: 1:16-cv-08253

Consolidated with

No.: 1:16-cv-9599

Honorable Virginia M. Kendall

---

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *Gupta v. Power Solutions International, Inc.et al.*, Case No. 1:16-08253 (the "Action");

WHEREAS, (a) Lead Plaintiff Richard Giunta ("Lead Plaintiff") and named Plaintiff David Leibowitz ("Plaintiff" and together with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants Power Solutions International, Inc. ("PSI"), Gary S. Winemaster, Daniel P. Gorey, Michael P. Lewis, Jay J. Hansen, Ellen R. Hoffing, Kenneth Landini and Mary E. Vogt (collectively, the "Individual Defendants," and, together with PSI, the "Defendants"; and together with Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated January 22, 2019 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject

to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 201__ (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 201__ (the "Final Approval Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on _____, 201__; and (b) the Internet Notice, the Summary Notice, and the Postcard Notice, all of which were filed with the Court on _____, 201__.

(a)    **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired PSI common stock between February 27, 2014 and February 2, 2017, inclusive, and were damaged thereby (the "Settlement Class Period"). Excluded from the Settlement Class are Defendants; members of the Individual Defendants' Immediate Families; Defendants' legal representatives, heirs, successors or assigns, and any entity in which they have or had a controlling interest; any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family; and the current former officers and directors of the PSI.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

3.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement

and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

4.     **Notice** – The Court finds that the dissemination of the Postcard Notice, the online posting of the Internet Notice, and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

5.     **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.  The Parties

are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6.      The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants,  Plaintiffs and all Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

8.      **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Plaintiffs and all Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against Defendants and Defendants' Releasees, and shall forever be barred and enjoined from

5

prosecuting any or all of the Released Plaintiffs' Claims against any of Defendants' Releasees. This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(q) of the Stipulation).

(b)     Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Plaintiffs and Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees.  This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

9.     Notwithstanding paragraphs 8(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

11.     **No Admissions** –This Judgment, the term sheet executed by the Parties on July 17, 2018 (the "Term Sheet"), the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations, discussions, and actions leading to the

execution of the Term Sheet and the Stipulation, and any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall not be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding (including *Dorvit v. Winemaster*, Case No. 1:17-cv-01097 (N.D. Ill. filed February 10, 2017) ("*Dorvit*"), *Rebscher v. Winemaster*, Case No. 2017-CH-06517 (Circuit Court of Cook County, Chancery Division filed May 5, 2017) (consolidated with *McClenney v. Winemaster*, Case No. 2017-CH-06481 (Circuit Court of Cook County, Chancery Division filed May 5, 2017) ("*Rebscher*")), and *Martin v. Winemaster*, Case No. 18-cv-2386 (N.D. Ill. filed April 3, 2018) ("*Martin*")), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall not be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the

7

Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; and

(c)     shall not be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

12.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

13.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially

8

limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of April 18, 2018, as provided in the Stipulation.

16.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 201__.


_____
The Honorable Virginia M. Kendall
United States District Judge

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**