UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUMIT GUPTA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>POWER SOLUTIONS INTERNATIONAL, INC., DANIEL P. GOREY, JAY J. HANSEN, ELLEN R. HOFFING, KENNETH LANDINI, MICHAEL P. LEWIS, MARY E. VOGT, and GARY S. WINEMASTER,<br><br>Defendants. | Case No. 1:16-cv-08253<br><br>Consolidated with:<br><br>Case No. 1:16-cv-9599<br><br>Judge: Honorable Virginia M. Kendall<br><br>**May 13, 2019 Final Approval Hearing** |

## [~~PROPOSED~~] ORDER APPROVING PLAN OF ALLOCATION OF NET SETTLEMENT FUND

This matter came on for hearing on May 13, 2019 (the "Final Approval Hearing") on Plaintiff's motion to determine whether the proposed plan of allocation of the Net Settlement Fund ("Plan of Allocation") created by the Settlement achieved in the above-captioned consolidated class actions (the "Action") should be approved. The Court having considered all matters submitted to it at the Final Approval Hearing and otherwise; and it appearing that notice of the Final Approval Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the

specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the proposed Plan of Allocation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order approving the proposed Plan of Allocation incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated January 22, 2019 (ECF No. 135-1) (the "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order approving the proposed Plan of Allocation, and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Plaintiffs' motion for approval of the proposed Plan of Allocation was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for approval of the proposed Plan of Allocation satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §§ 77z-1(a)(7), 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Copies of the Postcard Notice were mailed to 12,577 potential Settlement Class Members, which directed Settlement Class Members and nominees to the Notice posted on the Settlement Website, which included the Plan of Allocation, and no objections to the proposed plans were submitted.

5. The Court hereby finds and concludes that the formula for the calculation of the

claims of Claimants as set forth in the Plan of Allocation provided to Settlement Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Settlement Class Members with due consideration having been given to administrative convenience and necessity.

6. The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Settlement Class.

7. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated: May 13, 2019

HON. VIRGINIA M. KENDALL
UNITED STATES DISTRICT JUDGE